IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONDA E. RATVASKY,

    Plaintiff,                                          05cv1056

    v.                                              **ELECTRONICALLY FILED**

CITIZENS NATIONAL BANK,

    Defendant.

## **MEMORANDUM ORDER**

This is an action for employment discrimination under the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA). Before this Court is defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(6), or in the alternative, motion to strike pursuant to Rule 12(f) (doc. no. 11). Defendant argues that any quoted or paraphrased language from the EEOC Determination Letter should be dismissed from the amended complaint or, in the alternative, that it should be stricken pursuant to Rule 12(f). Plaintiff responds, and this Court agrees, that although the admissibility of the EEOC findings are within the Court's discretion, the issue of whether the EEOC Determination Letter is admissible should be raised at trial or prior to trial in a motion in limine, not during the pleadings stage, as defendant has here. Further, plaintiff responds, and this Court again agrees, that legal conclusions from an EEOC Determination Letter are not redundant, immaterial, impertinent or scandalous matters pursuant to Rule 12(f). For the reasons that follow, defendant's motion to dismiss amended complaint, or in the alternative, motion to strike, shall be denied.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).  In making this determination, the court must construe the pleading in the light most favorable to the non-moving party.  *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987).

In addition, the court may consider allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998), *citing Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.  Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.").  *See* Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Rose v. Bartle*, 871 F.2d 331, 339-340 (3d Cir. 1989) (lease agreement attached to complaint is part of the pleading for all purposes).

Further, as the Court of Appeals for the Third Circuit more recently stated in *Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113, 124-25 (3d Cir.1998):

> Just as a pleading must "be construed as to do substantial justice," Fed.R.Civ.P. 8(f), *see*

*also Conley*, [355 U.S. at 47-48], a plaintiff generally need not explicitly allege the existence of every element in a cause of action if fair notice of the transaction is given and the complaint sets forth the material points necessary to sustain recovery.  *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216, at 154-162 (2d ed.1990).  This is especially so if the material deficiencies in the complaint stem from nothing more than inartful pleading--the precise sort of pleading as a highly developed form of art that the federal rules sought to abandon.  *See Conley*, 355 U.S. at 48, 78 S.Ct. 99.  Simply put, the complaint will withstand a Fed.R.Civ.P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery.

Viewed in light of the foregoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of her claims or that this Court should dismiss any and all allegations related to the EEOC Determination Letter.  Defendants are free to deny these allegations as constituting legal conclusions as is the customary practice in answering complaints.

Defendant has moved in the alternative to strike any paragraphs from the complaint addressing the EEOC Determination Letter as "immaterial, impertinent, or scandalous" under Fed. R. Civ. p. 12(f).  Implicit in defendant's Rule 12(f) motion is their assumption that the pleadings are read to the jury.  They are not.  *See Abrams v. Lightolier, Inc.*, 702 F.Supp. 509. 511 (D.N.J. 1989).  Therefore, there is no real concern for prejudice here.  Because Rule 12(f) motions are disfavored in general, and particularly, where as here, in the absence of prejudice, the motion will be denied.  *Abrams v. Lightolier, Inc.*, 702 F.Supp. 509. 511 (D.N.J. 1989).  This Court will decide the issue of the admissibility of the EEOC Determination Letter upon motion at the appropriate stage in these proceedings.

**AND NOW, this 5th day of December, 2005,** after due consideration of defendant's motion to dismiss amended complaint pursuant to Rule 12(b)(6), or in the alternative, motion to strike pursuant to Rule 12(f), plaintiff's response thereto, and the memoranda of law in support

and in opposition thereto, **IT IS HEREBY ORDERED** that defendant's motion to dismiss amended complaint pursuant to Rule 12(b)(6), or in the alternative, motion to strike pursuant to Rule 12(f) (doc. no. 11) **IS DENIED**.

SO ORDERED this 5th day of December, 2005.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All counsel of record

Joan Shinavski, Esquire
McKay & Associates
801 McNeilly Road
Pittsburgh, PA 15226

Kenneth P. McKay, Esquire
801 McNeilly Road
Pittsburgh, PA 15226

Theresa L. Wasser, Esquire
1370 Washington Pike, 5th Floor
Bridgeville, PA 15017

Rochelle R. Koerbel, Esquire
Blumling & Gusky
1200 Koppers Building
Pittsburgh, PA 15219